UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------X

PATERNO IMPORTS LTD., d/b/a Terlato     Case No. 08 C 1674
Wines International,     Before the Hon. John W. Darrah

               Plaintiff,

v.

LION NATHAN ENTERPRISES PTY LTD.,

               Defendant.

------------------------------------X

**ORDER**

WHEREAS, Plaintiff Paterno Imports Ltd., d/b/a Terlato Wines International ("Paterno") filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, along with a supporting Memorandum of Law and Affidavit of William A. Terlato on Friday, March 21, 2008;

WHEREAS, Defendant Lion Nathan Enterprises Pty. Ltd. ("Lion Nathan") filed a Memorandum of Law In Opposition to Paterno's Motion for Temporary Restraining Order and Preliminary Injunction and Declaration of Maura K. Monaghan on Monday, March 24, 2008;

WHEREAS, Paterno alleged that the parties' marketing agreement required Lion Nathan to provide ninety (90) days notice of a price change and sought to enjoin Lion Nathan from implementing the March 1, 2008 pricing set forth in its February 28, 2008 letter until May 28, 2008;

WHEREAS, the Court held a hearing with respect to said Motion on Tuesday, March 25, 2008; and

WHEREAS, for the reasons articulated at the hearing, the Court finds that:

1. Based on the record presented to the Court, Paterno has not established that it is likely to succeed on the merits of its Complaint against Lion Nathan;

2. Paterno has failed to demonstrate that it lacks an adequate remedy at law;

3. Paterno has failed to demonstrate that it will suffer irreparable injury in the absence of a temporary restraining order and preliminary injunction; and

4. In response to concerns expressed by Paterno relating to the pricing at which Lion Nathan provides wines to Paterno during the pendency of the arbitration referenced below, Lion Nathan offered, by letter from its counsel, Maura K. Monaghan, dated March 12, 2008, to permit Paterno to continue to pay Lion Nathan at the prices that Paterno paid in 2007 for wines produced by Argyle Winery, Inc. ("Argyle Wines") until the pricing arbitration presently pending before the American Arbitration Association pursuant to a

Demand for Arbitration filed by Paterno on February 5, 2008 (the "Arbitration") is resolved.

Now, therefore, it is hereby ORDERED that:

1. Paterno's Motion for a Temporary Restraining Order and Preliminary Injunction is denied.

2. Lion Nathan will invoice Paterno at the prices that it announced effective March 1, 2008 but, as set forth in the March 12, 2008 letter of Maura K. Monaghan, Paterno may pay for Argyle Wines at the 2007 prices until the Arbitration is concluded. Nothing in this Order precludes Lion Nathan from retroactively seeking payment by Paterno at the March 1, 2008 prices for the period March 1, 2008 through the end of the Arbitration in the event that Lion Nathan prevails in the Arbitration. Nor does anything in this Order preclude Paterno from opposing such efforts.

SO ORDERED this //th day
of April 2008

_____
Hon. John W. Darrah,
United States District Judge
United States District Court
For the Northern District of Illinois